IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LORI HENINGBURG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 1:13-CV-02184-ODE |
| CSS CORP. and ) | |
| JOHN O. AGULUE ) | |
| ) | |
| Defendants. ) | |
| ) | |

## JOINT MOTION TO APPROVE SETTLEMENT

Plaintiff LORI HENINGBURG and Defendants CSS CORP and JOHN O. AGULUE (collectively referred to as the "Parties") jointly move for approval of the mutually agreed upon terms and conditions of the settlement of Plaintiff's claims under the Family Medical Leave Act ("FMLA") and Fair Labor Standards Act ("FLSA").

1.

Plaintiff commenced this FMLA and FLSA action on June 28, 2013.

2.

Defendants deny that they violated the FMLA or FLSA in any way.

3.

Good-faith disputes between the Parties remain, including:

(a)     Whether Defendants violated the FMLA;

(b)     Whether Defendants violated the FLSA;

(c)     Whether Defendants subjected Plaintiff to retaliation in violation of the above statutes;

(d)     The reason and cause of Plaintiff's employment separation from Defendants;

(c)     The amount of overtime, if any, Plaintiff worked;

(d)     The amount of damages, if any, to be awarded and any appropriate offsets or adjustments; and

(e)     Whether liquidated damages are appropriate and, if so, the amount of such damages; and

(f)     The amount of Plaintiff's reasonable attorney's fees in pursuing her claims.

4.

In order to settle the foregoing and all other outstanding issues between them, the Parties have entered into a Settlement Agreement. The Settlement Agreement obligates Defendants to pay Plaintiff an amount representing Plaintiff's

fair estimate of her claimed back wages and unpaid overtime wages, and an amount representing her attorneys' reduced fees and costs. The Settlement Agreement also includes the other material terms of a settlement between the Parties, such as Plaintiff's release of his claims. A copy of the agreement is attached hereto as Tab 1.

5.

The Parties believe that the Settlement Agreement is a fair and reasonable resolution of Plaintiff's claims and that the Court should approve the Settlement Agreement.

6.

The Parties further agree that, upon the Court's approval of this Joint Motion, that the action should be dismissed *with prejudice*.

[Signatures on next page]

WHEREFORE, the Parties pray that the Court grant this Joint Motion to Approve Settlement and further order the dismissal of this action, with prejudice.

/s/ Tyler A. Dillard
Elizabeth Clack-Freeman
Georgia Bar No. 126888
lcfreeman@atclawfirm.com
Tyler A. Dillard
Georgia Bar No. 115229
tdillard@atclawfirm.com

ANDERSEN, TATE & CARR, P.C.
One Sugarloaf Centre, Suite 4000
1960 Satellite Blvd.
Duluth, GA 30097
(770) 822-0900
**Attorneys for Plaintiff**

/s/ Chandra C. Davis *
Chandra C. Davis
Georgia Bar No. 141801
cdavis@theemploymentlawsolution.com
Raquel Hoover
Georgia Bar No. 348548
rhoover@theemploymentlawsolution.com

**THE EMPLOYMENT LAW SOLUTION**
MCFADDEN DAVIS, LLC
1100 Peachtree Street, NE, Suite 200
Atlanta, Georgia 30309
(404) 419-7287
**Attorneys for Defendant**
*signed by Tyler A. Dillard with express permission of Chandra C. Davis*

# TAB 1

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is made and entered into by Lori Heningburg ("Heningburg") on the one hand, and (i) CSS CORP, and (ii) John O. Agulue (collectively "Defendants") on the other hand, as of November 7, 2016.

WHEREAS, Heningburg is a former employee of Defendants; and

WHEREAS, Heningburg filed a lawsuit against Defendants in the United States District Court for the Northern District of Georgia, Atlanta Division, alleging violations of the Family Medical Leave Act ("FMLA") and Fair Labor Standards Act ("FLSA") styled <u>Lori Heningburg v. CSS CORP. and John O. Agulue</u>, Case No. 1:13-cv-02184-ODE (the "Civil Action"); and

WHEREAS, Defendants deny the allegations contained in the Civil Action and further deny that they acted unlawfully with respect to Heningburg in any way; and

WHEREAS, the Parties desire to compromise fully and finally all differences, claims, charges, and complaints between them;

WHEREAS, it is understood and agreed that this Agreement represents a settlement and compromise of uncertain and disputed claims and neither this Agreement itself, any of the payments or covenants described herein, nor anything else connected with this Agreement is to be construed as an admission of liability on the part of Defendants; and

NOW THEREFORE, in consideration of the payments and the mutual promises described below, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. **Payment.** Defendants shall pay a total of **One Hundred Five Thousand Dollars ($105,000.00)** (the "Settlement Amount") as set forth herein. Of this Settlement Amount, (i) $38,584.00 will be directed to Heningburg representing alleged back pay that is owed to Heningburg for Defendants' alleged violations of the FMLA[1], (ii) $1,416.00 will be directed to Heningburg representing alleged unpaid overtime payments owed to Heningburg for Defendants' alleged violations of the FLSA[2], and (iii) $65,000.00 will be directed to Heningburg's attorneys, Andersen, Tate & Carr, P.C. The Settlement Amount shall be paid according to the following schedule:

    i. Within ten (10) days after the Court's order approving the settlement of the Civil Action, Defendants shall cause one check made payable to Heningburg

---

[1] This amount represents approximately two years of back pay for Heningburg, as at the time of her separation from Defendants, Heningburg was scheduled to work 28 hours per week at the pay rate of $13.25 per hour.

[2] This amount represents the approximate amount of unpaid overtime that Heningburg alleges is owed to her.

1

      in the amount of Forty Thousand Dollars ($40,000.00) less applicable tax withholdings for which an IRS Form W-2 will be issued to Heningburg; and

    ii. Within ten (10) days after the Court's order approving the settlement of the Civil Action, Defendants shall cause one check made payable to Andersen, Tate & Carr, P.C. in the amount of Sixty Five Thousand Dollars ($65,000.00).

  Heningburg acknowledges and agrees that, other than the amounts expressly agreed upon, Defendants are not responsible for payment of any attorneys' fees or costs incurred under any agreement between Heningburg and any attorney or law firm in connection with this or any other matter, or arising in any way from prosecution of this or any matter against Defendants. Further, although the Parties acknowledge and agree that this Settlement Agreement is being attached to a public pleading, Heningburg agrees not to personally and directly disseminate this Settlement Agreement to members of the public at large.

  2. <u>Release of Defendants</u>. Upon receipt of the Settlement Amount, Heningburg, for herself, her successors, and assigns, forever unconditionally releases and discharges Defendants and their successors, officers, directors, shareholders, members, managers, owners, and employees (hereinafter collectively referred to as "Releasees") from any and all claims, charges, actions, causes of action, sums of money due, attorneys' fees, suits, debts, covenants, contracts, agreements, promises, demands, or liabilities (hereinafter collectively referred to as "Claims") whatsoever, in law or in equity, whether known or unknown, which Heningburg ever had, now has, or might in the future have against any of the Releasees based upon facts occurring prior to the date of this Agreement, specifically including, without limitation, any Claims that were asserted or could have been asserted in the Civil Action.

  Without limiting the generality of the foregoing, Heningburg acknowledges that, in consideration for the sums being paid to her pursuant to Section 1 above, she knowingly releases any claim which is in any way connected with the Parties' employment relationship, including, but not limited to, any claim for discrimination, retaliation, harassment, emotional distress, back pay, front pay, overtime pay, vacation pay, liquidated damages, compensatory damages, general damages, special damages, punitive damages, exemplary damages, costs, expenses, and attorneys' fees, including, without limitation, any and all claims under the FMLA and/or FLSA.

  3. <u>Release of Heningburg</u>. For valuable consideration, receipt of which is hereby acknowledged, Defendants waive, release, and forever discharge Heningburg from any and all rights, causes of action, claims, demands, liabilities, damages, complaints, expenses or charges whether express or implied, known or unknown, that arise on or before the date that Defendants execute this Agreement, which Defendants have or may have against Heningburg, including, but not limited to any rights, causes of action, claims, demands, liabilities, damages, complaints, expenses or charges related to or arising out of Heningburg's employment with Defendants.

  4. <u>Non-Assignment of Claims</u>. Heningburg has not assigned or otherwise transferred any of the Claims she releases through this Agreement, and promises to indemnify and hold harmless the Releasees with respect to any damages, costs, or other injuries, which might arise through the assertion against one or more Releasees of any released claim.

5. <u>Denial of Liability</u>. This Agreement represents a settlement and compromise of disputed claims and neither this Agreement itself, any of the payments or covenants described herein, nor anything else connected with this Agreement is to be construed as an admission of any liability whatsoever on the part of Defendants, and Defendants expressly deny the same.

6. <u>Entire Agreement</u>. This Agreement supersedes any and all prior negotiations or agreements between the Parties and contains the entire agreement between the Parties as to the subject matter hereof. The Parties hereby acknowledge and agree that there have been no offers or inducements which have led to the execution of this Agreement other than as stated herein.

7. <u>Choice of Law</u>. This Agreement shall be interpreted and enforced in accordance with the laws of the State of Georgia.

8. <u>No Presumption Against Drafter</u>. This Agreement has been drafted through a cooperative effort of all Parties, and no party shall be considered the drafter of this Agreement so as to give rise to any presumption or convention regarding construction of this document.

9. <u>Titles</u>. The titles contained in this Agreement are for informational purposes only and are not to be considered in interpreting or applying the terms of this Agreement.

10. <u>Remedies</u>. Except as may be otherwise expressly set forth herein, the Parties shall retain all rights, whether in law or in equity, to enforce the provisions of this Agreement.

11. <u>All Necessary Steps</u>. The Parties agree to take all necessary steps, including the execution of documents, to carry through and complete the exchange of consideration described in this Agreement.

12. <u>Attorneys' Fees</u>. In the event litigation ensues between the Parties respecting this Agreement, the prevailing party shall be entitled to recover its costs of litigation, including reasonable attorneys' fees, from the non-prevailing party.

13. <u>Severability</u>. The Parties agree that all provisions of this Agreement, except Sections 1- 3 of the Agreement, are severable from one another and that if any such provision is held to be unenforceable, this Agreement and its terms shall be construed and enforced as if such unenforceable provision had never comprised a part hereof. The remaining provisions shall remain in full force and effect.

14. <u>Time Is of the Essence</u>. The Parties agree that time is of the essence in all respects regarding this Agreement.

15. <u>Joint Motion to Approve Settlement and Stipulation for Voluntary Dismissal With Prejudice</u>. This Settlement Agreement, including Defendants' payment obligation set forth in Paragraph 1, above, is conditioned upon Heningburg executing this Agreement and upon the review and approval of the Court in the Civil Action. Defendants shall not be obligated to make



the payments set forth in Paragraph 1 until the Court has entered an order approving the Settlement of the Action in all regards and providing that it be dismissed with prejudice.

\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF:**

_____(SEAL)
LORI HENINGBURG

**DEFENDANTS:**

**CSS CORP.**
_____
By: John Agulue, CEO

_____(SEAL)
JOHN O. AGULUE    11-15-16